UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| QUENTIN WALTER and WELDON STOUT,<br><br>vs.<br><br>FRANK AVELLINO and NANCY AVELLINO. | Case No. 2:12-cv-14411-Graham/Lynch |

## PLAINTIFFS' MEMORANDUM OF LAW REGARDING TIMELINESS

Plaintiffs Quentin Walter and Weldon Stout's estate[1] respectfully address whether their claims are timely.

Federal securities fraud lawsuits "may be brought not later than the earlier of—2 years after the discovery of the facts constituting the violation; or 5 years after such violation." 28 U.S.C. § 1658(b). In determining whether a particular transaction is actionable, there are therefore two key dates that must be determined. First, did the "discovery of the facts constituting the violation" occur within the two-year statute of limitations? *Id.* Second, did "such violation" occur within the five-year statute of repose? *Id.*

Here, the original complaint was filed on November 16, 2012. Doc. 1. Therefore, except for the continuing-fraud exception, § 1658(b)'s 5-year statute of repose

---

[1] Mr. Stout passed away while the appeal was pending, and Ms. Walter is the personal representative of his estate.
[2] § 1658(b)'s use of the word "discovery" encompasses not only those facts the

1

would bar any securities fraud violations that occurred before November 16, 2007, and § 1658(b)'s 2-year statute of limitation would bar any such violations that were discovered[2] before November 16, 2010. *See id.*

The amended complaint alleges three potentially actionable transactions. *See* Doc. 26. First, Mr. Stout invested $135,000 in Kenn Jordan Associates on December 29, 2006. Doc. 26 at 1-2. Second, Ms. Walter invested $40,000 in KJA on December 29, 2006. Doc. 26 at 1-2. Third, Ms. Walter invested $10,000 in KJA on June 1, 2008. Doc. 26 at 2.

Mr. Stout's December 29, 2006 transaction is not actionable as a federal securities fraud claim because it is beyond § 1658(b)'s 5-year statute of repose. *Compare* Doc. 1 (filed Nov. 16, 2012), *with* Doc. 26 at 1-2 (invested on Dec. 29, 2006). Nevertheless, Mr. Stout's transaction might be actionable as state law claims for breach of fiduciary duty, negligence, negligent misrepresentation, deceptive and unfair trade practice, fraud, and fraudulent misrepresentation.[3] Those state law claims are subject to a 4-year statute of limitations in which actions do not accrue until actual or constructive discovery of the cause of action, which is unlike the absolute 5-year statute of repose contained in § 1658(b). *See* Fla. Stat. § 95.11(3)(a), (j), (p); *Hearndon* v. *Graham*, 767 So. 2d 1179, 1184 (Fla. 2000) ("The "delayed discovery" doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious

---

[2] § 1658(b)'s use of the word "discovery" encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." *Merck & Co.* v. *Reynolds*, 559 U.S. 633, 644-48, 130 S. Ct. 1784, 1793-95 (2010).

[3] The Court is required to liberally construe *pro se* pleadings to include all possible claims under a notice-pleading standard. *See* [cases].

2

act giving rise to the cause of action."). The amended complaint does not allege when the fraud was or should have been discovered. *See* Doc. 26. Moreover, despite the dismissal of Mr. Stout's federal securities fraud claim, the Court has discretion to exercise supplemental jurisdiction over his state law claims, *see* 28 U.S.C. § 1367(c), or the Court could allow Mr. Stout to amend his complaint to allege federal subject-matter jurisdiction based on diversity of citizenship in support of them, *see* 28 U.S.C. § 1332; *see also Taylor* v. *Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Simple justice demands that the Court allow Mr. Stout's estate to pursue one of those two options.

In contrast, as the Eleventh Circuit's mandate indicates, Ms. Walter's June 1, 2008 transaction is timely on the face of the amended complaint. *See* Doc. 63 at 5. The real question for Ms. Walter is whether her December 29, 2006 transaction is timely. And it is per the continuing-fraud exception.

Importantly, the 5-year statute of repose is not subject to equitable tolling. *See Lampf, Pleva, Lipkind, Prupis & Petigrow* v. *Gilbertson*, 501 U.S. 350, 363, 111 S. Ct. 2773, 2782 (1991)). Specifically, *Lampf* held "the equitable tolling doctrine is fundamentally inconsistent with the [2]-and-[5]-year structure" of the statute of limitations. 501 U.S. at 363, 111 S. Ct. at 2782. But that reality tells only part of the story, because the continuing-fraud exception can render timely otherwise untimely claims without disturbing *Lampf*'s holding.

The continuing-fraud exception provides that "when a defendant has committed a violation within the repose period, it allows a plaintiff to hold the defendant accountable for previous violations that are part of the same scheme." *Goldenson* v.

3

*Steffens*, 802 F. Supp. 2d 240, 259 (D. Me. 2011). In other words, when one claim of continuing fraud is timely, all claims are timely. *See id.* Importantly, the continuing-fraud exception "does not violate the *Lampf* Court's conclusion that principles of equitable tolling do not apply to § 1658(b) [because it] does not allow a claim to go forward more than five years after a defendant's final violation." *Id.* Numerous district courts throughout the country have applied the continuing-fraud exception to render securities plaintiffs' claims timely. *E.g., id.*; *In re Dynex Capital, Inc.*, 2009 U.S. Dist. LEXIS 96527, at *61 (S.D.N.Y. Oct. 19, 2009) ("in a case such as this one in which a series of fraudulent misrepresentations is alleged, the period of repose begins when the last alleged misrepresentation was made" (punctuation and citations omitted)); *Plymouth County Ret. Ass'n* v. *Schroeder*, 576 F. Supp. 2d 360, 378 (E.D.N.Y. 2008) ("the five year statute of repose first runs from the date of the last alleged misrepresentation regarding related subject matter"); *Quaak* v. *Dexia, S.A.*, 357 F. Supp. 2d 330, 338 (D. Mass. 2005) ("the statute of repose runs from the date of the last fraudulent misrepresentation").

For these reasons, because Ms. Walter's $10,000 June 1, 2008 claim is not time barred on the face of the amended complaint, Ms. Walter's $40,000 December 29, 2006 claim is similarly not time barred.[4]

WHEREFORE, the Court should liberally construe the amended complaint to include state law claims, exercise supplemental jurisdiction over those claims (or

---

[4] And, for the same reasons that support the timeliness of Mr. Stout's $135,000 state law claims, Ms. Walter's $40,000 transaction is timely if pursued as state law claims.

allow Ms. Walter and Mr. Stout's estate to file a second amended complaint to pursue such claims based on diversity of citizenship), and determine that Ms. Walter's federal securities fraud claims with respect to her $10,000 and $40,000 investments are timely on the face of the amended complaint.

Respectfully submitted,

/s/ Thomas Burns
Thomas A. Burns
FBN 0012535
BURNS, P.A.
301 West Platt Street, Suite 137
Tampa, FL 33606
(813) 642-6350 T
(813) 642-6350 F
tburns@burnslawpa.com

*Appellate Counsel for Quentin Walter and Weldon Stout*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

### Frank & Nancy Avellino:

Gary W. Woodfield
HAILE, SHAW & PFAFFENBERGER,
    P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
(561) 627-8100 T
(561) 622-7603 F
gwoodfield@haileshaw.com

                                        /s/ Thomas Burns
                                        Thomas A. Burns
                                        FBN 0012535
                                        BURNS, P.A.
                                        301 West Platt Street, Suite 137
                                        Tampa, FL 33606
                                        (813) 642-6350 T
                                        (813) 642-6350 F
                                        tburns@burnslawpa.com

                                        *Appellate Counsel for Quentin Walter*
                                        *and Weldon Stout*