**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO.: 12-CIV-14411-GRAHAM/LYNCH


QUENTIN WALTER, et al.,

    Plaintiffs,

vs.

FRANK J. AVELLINO, et al.,

    Defendants.

_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint [D.E. 75].

    **THE COURT** has considered the Motion, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Plaintiffs' Motion is **GRANTED in PART and DENIED in PART**.

**I.  BACKGROUND**

    On November 16, 2012, Plaintiffs, Quentin Walter ("Walter") and Weldon Stout ("Stout")(collectively referred to as ("Plaintiffs"), filed a <u>pro se</u> Complaint asserting several state law claims against Frank and Nancy Avellino ("Defendants"). [D.E. 1]. Specifically, Plaintiffs alleged Defendants' breach of fiduciary duty, negligent misrepresentation, negligence, as well as unfair and deceptive trade practices. Plaintiffs alleged that

1

Defendant Frank Avellino offered to pool their funds with his family's investment account to provide Plaintiffs with retirement income. Plaintiffs also alleged that Mr. Avellino knew their investment was to be made with a Ponzi scheme that eventually failed and caused Plaintiffs to lose their money. <u>Id.</u> Upon Defendants' Motion, filed on January 21, 2013, the Court dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction. [D.E. 9, 21]. When Plaintiffs filed their Amended Complaint on March 18, 2013, they did not re-allege their state law claims. Instead, Plaintiffs alleged Defendants' securities fraud violation of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10-b(5), 17 C.F.R. § 240.10b-5. [D.E. 26]. According to the Amended Complaint, on December 29, 2006, at Defendant Frank Avellino's suggestion, Stout invested $175,000.00 with Frank Avellino in Ken Jordan Associates (KJA) for himself and Walter, in separate accounts. [D.E. 26]. Subsequently, on June 1, 2008, Walter invested an additional $10,000.00 with Frank Avellino. <u>Id.</u> Thereafter, on December 9, 2008, Nancy Avellino told Stout that the funds had been invested in Bernie Madoff's Ponzi scheme and were entirely lost. <u>Id.</u>

Defendants moved to dismiss the Amended Complaint on the grounds that it was time-barred and that Plaintiffs failed to plead fraud with specificity as required by the Private Securities Litigation Reform Act, 109 Stat. 737 (codified as

amended in scattered sections of 15 U.S.C.)("PSLRA"). [D.E. 30]. In response, Plaintiffs indicated that they did not discover Defendants' fraud until the summer of 2012, and maintained that the limitations period should begin to run from this date. Id.

The Court determined the timeliness of Plaintiffs' Complaint by applying 28 U.S.C. § 1658(b). In reliance on Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1283 (11th Cir. 2005), the Court held that the statute of limitations commenced when plaintiffs were on inquiry notice of violations. [D.E. 45]. Consequently, the Court ruled that Plaintiffs had inquiry notice when they received Nancy Avellino's phone call admitting that their investment had been lost. Id. Thus, the statute of limitations began to run on December 9, 2008 and concluded two years later on December 9, 2010, approximately two years before Plaintiffs filed their action. Id. The Court also held, in the alternative, that Plaintiffs failed to meet the heightened pleading standard for fraud. For these reasons the Court dismissed Plaintiffs' Complaint. Id.

Thereafter, Plaintiffs filed Motions for: 1) Certificate of Appealability; 2) Clarification; 3) Reconsideration; and 4) Request for Subpoena. [D.E. 46, 47, 48, and 49]. The Court found that Plaintiffs did not offer new legal or factual evidence, or, that there was an intervening change of controlling law or a need to correct clear error or manifest injustice. [D.E. 52]. On

3

this basis, the Court denied Plaintiffs' Motions for Reconsideration, Certificate of Appealability, Clarification, and Request for Subpoena. Id.

On July 1, 2013, Plaintiffs filed Notices of Appeal to the Eleventh Circuit, and Limited Appearance by Counsel for appellate purposes. [D.E. 53, 56]. On appeal, the Eleventh Circuit conducted a de novo review of Defendants' motion to dismiss. Walter v. Avellino, 564 F. App'x 464, 465 (11th Cir. 2014); [D.E. 63]. The Eleventh Circuit found that although inquiry notice was a useful starting point for determining when a plaintiff should have discovered facts constituting a fraud violation, inquiry notice was not itself determinative of when the statute of limitation period should begin to run. Walter, 564 F. App'x at 466.

Notably, the Eleventh Circuit acknowledged that although the Court's order could potentially be affirmed on the alternative basis that the heightened pleading requirements were not met, Walter's $10,000.00 investment seemed to be timely under the statute of repose. Id. Plaintiffs maintained that they should be allowed to amend their complaint to comply with the heightened pleading standard. Id. The Eleventh Circuit indicated, however, that despite the Court's previous grants of leave for Plaintiffs' to amend their pleadings, a determination of whether Plaintiffs' claims were timely was a prerequisite for

4

leave to amend. Id. The Eleventh Circuit stated, "[i]f the claims are not timely, then amendment will still be futile." Id. Accordingly, the Eleventh Circuit vacated the Court's order and remanded for the Court to consider whether the Plaintiffs' claim was timely under the statute of repose consistent with the Supreme Court's opinion in Merck & Co., Inc. v. Reynolds, 599 U.S. 633, 637-654 (2010). Walter, 564 F. App'x at 466. The Eleventh Circuit also directed Plaintiffs to bring their motion to amend complaint before the Court on remand. Id.

On June 13, 2014, in response to Plaintiffs' appellate counsel's Motion to Withdraw as Counsel of Record [D.E. 64], the Court denied the Motion without prejudice and directed him to brief the issue of timeliness of Plaintiffs' claims. Pursuant to the Court's Order, Plaintiffs filed a memorandum on July 3, 2014. [D.E. 67]. In that memorandum, Plaintiffs requested that the Court liberally construe their Amended Complaint to include state law claims over which the Court could exercise supplemental jurisdiction. In the alternative, Plaintiffs requested that the Court permit them to amend their complaint for a second time to include state law claims on the basis of diversity jurisdiction. In response, Defendants argued that the Court should not exercise supplemental jurisdiction over any state law claims which Stout may have because he cannot assert a federal claim. [D.E. 68]. Defendants also contended that Walter

should not be permitted to invoke the continuing tort doctrine in reference to the securities claims. Id. Notwithstanding, the filing of Plaintiffs memorandum, Plaintiffs failed to file a motion to amend or a proposed second amended complaint.

On September 29, 2014, the Court granted Plaintiffs counsel's motion to appear pro hac vice, in which new counsel consented to designation as co-counsel on Plaintiffs' behalf. [D.E. 74]. Thereafter, on July 23, 2015, Plaintiffs filed a motion for leave to amend complaint. [D.E. 75]. In this Motion, Plaintiffs move to replace Stout with his estate, as a party to the action. Moreover, Plaintiffs now assert, in addition to their securities fraud violations' claim, certain state law claims, individually, as representatives of a class of plaintiffs similarly defrauded by Frank and Nancy Avellino, and derivatively, on behalf of KJA. Defendants filed a response in opposition [D.E. 76], and on August 20, 2015, Plaintiffs filed their reply [D.E. 77]. As this matter is now ripe, the Court will address the merits of Plaintiffs' Motion below.

## II. STANDARD OF REVIEW

"A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A decision whether to grant leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). "The court should freely give leave when

justice so requires." Id. However, "[a] district court need not
. . . allow an amendment (1) where there has been undue delay,
bad faith, dilatory motive, or repeated failure to cure
deficiencies by amendments previously allowed; (2) where
allowing amendment would cause undue prejudice to the opposing
party; or (3) where amendment would be futile." Bryant v.
Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this
Circuit is clear that "a district court may properly deny leave
to amend the complaint under Rule 15(a) when such amendment
would be futile." Hall v. United Ins. Co. of Am., 367 F.3d 1255,
1263 (11th Cir. 2004); see also Thompson v. City of Miami Beach,
Fla., 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014).

   "[D]enial of leave to amend is justified by futility when
the 'complaint as amended is still subject to dismissal.'"
Dysart v. BankTrust, 516 F. App'x 861, 865 (11th Cir.
2013)(quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320
(11th Cir. 1999); see also St. Charles Foods, Inc. v. America's
Favorite Chicken Co., 198 F.3d 815, 822–23 (11th Cir. 1999)
("When a district court denies the plaintiff leave to amend a
complaint due to futility, the court is making the legal
conclusion that the complaint, as amended, would necessarily
fail."). "The futility threshold is akin to that for a motion to
dismiss; thus, if the amended complaint could not survive Rule
12(b)(6) scrutiny, then the amendment is futile and leave to

amend is properly denied." Bill Salter Adver., Inc. v. City of
Brewton, AL, 2007 WL 2409819, at *2 (S.D. Ala. Aug. 23, 2007)
(citing Florida Power & Light Co. v. Allis Chalmers Corp., 85
F.3d 1514, 1520 (11th Cir. 1996); see also Christman v. Walsh,
416 F. App'x 841, 844 (11th Cir. 2011).

## III. DISCUSSION

### A. Leave to Amend

Considering this is the first amended complaint filed by
counsel on the behalf of Plaintiffs, who previously appeared pro
se, the Court finds that justice requires leave to amend.
Moreover, as discussed below, the Court does not find that
allowing further amendment of Plaintiffs' claims in the proposed
second amended complaint would be futile. Also, there is no
reason, such as undue delay or bad faith on Plaintiffs' behalf,
to deny leave. As noted by Defendants [D.E. 68], this case is in
its infancy stages as Defendants have never answered, nor
propounded discovery. Thus, there is no prejudice to the parties
and no showing that amendment would further delay the
proceedings. Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171,
1186 (11th Cir. 2013). Instead, prejudice is likely to exist if
the amendments involve new theories of recovery or would require
further discovery. Id. For the reasons that follow, Plaintiffs'
motion for leave to amend is granted in part.

**B. Time Limitations for Securities Fraud Claim and the Continuing Fraud Exception**

A claim asserting a violation of Rule 10b-5 must be brought within the earlier of two timeframes; the first being the statute of limitations and the second, the statute of repose. See 28 U.S.C. § 1658 (b); 100079 Canada, Inc. v. Stiefel Labs., Inc., 596 F. App'x 744, 749 (11th Cir. 2014). Generally, statutes of limitation differ from statutes of repose because the limitation period commences when the cause of action accrues, whereas the period of repose precludes the cause of action from accruing. Nesladek v. Ford Motor Co., 46 F.3d 734, 737 n.3 (8th Cir. 1995). The statute of repose for a Section 10(b) claim "starts to run on the date the parties have committed themselves to complete the purchase or sale transaction." Arnold v. KPMG LLP, 334 Fed. Appx. 349, 351 (2d Cir.2009). 28 U.S.C. § 1658 (b) reads in pertinent part:

[A] private right of action that includes a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning securities laws . . . may be brought not later than the earlier of—

(1) 2 years after the discovery of the facts constituting such violation; or

(2) 5 years after such violation.

28 U.S.C. § 1658(b)(2012).

In Merck, the Supreme Court first construed the statute of limitations under 28 U.S.C. § 1658(b) by holding that the limitation period commences only when a plaintiff discovers, or reasonably should have discovered, facts necessary to prove each element of the claimed securities fraud violation. A fact is deemed discovered when plaintiffs would have sufficient information to adequately plead their claims in a complaint. Merck, 559 U.S. at 633. Nevertheless, for a securities fraud violation claim to be timely, regardless of when discovered, it must be brought no later than five years from the date it occurred, or be forever barred. Merck, 559 U.S. at 650.

There have been discussions regarding whether, based on principles of equitable tolling, the continuing violations doctrine can resurrect a time-barred securities fraud violation. See Carlucci v. Han, 886 F. Supp. 2d 497, 514 (E.D. Va. 2012); Goldenson v. Steffens, 802 F. Supp. 2d 240, 259 (D. Me. 2011); Marini v. Adamo, 995 F. Supp. 2d 155, 182—84 (E.D.N.Y. 2014). The continuing violations doctrine provides that a plaintiff may hold a defendant accountable for an otherwise time-barred violation if it is part of the same scheme of violations, the final of which is timely. Carlucci, 886 F. Supp. 2d at 514 (citing Goldenson, 802 F. Supp. 2d at 259. However, in Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350,

363 (1991), the Supreme Court categorically rejected the doctrine when it stated that the statute of repose for a § 10(b) violation is not subject to equitable tolling. See CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2178—79 (2014); Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1984. The Supreme Court reaffirmed its ruling in Merck by stating that the statute of repose is "an unqualified bar on actions instituted '[five] years after such violation.'" Merck, 559 U.S. at 650.

Here, there are two alleged securities fraud violations. The first occurred on December 29, 2006 when Stout deposited $175,000.00 with KJA in two separate accounts, and the second on June 1, 2008, when Walter deposited $10,000.00 in her account. Plaintiffs assert that they discovered the facts constituting the violations during the summer of 2012. Plaintiffs' claim regarding the first violation is timely only if their suit was filed before the period of repose elapsed on December 29, 2011. However, Plaintiffs filed their claim almost one year later, on November 16, 2012. For this reason, Plaintiffs' claim for the 2006 violation involving the investments made by Stout is time-barred.

Conversely, the Court finds that Plaintiffs' claim regarding the second violation involving the $10,000 investment by Walter is timely since Plaintiffs filed suit long before the statute of repose would take effect on June 1, 2013.

In their Motion, Plaintiffs argue that since a claim for the 2008 violation is timely, the continuing violations doctrine should be applied to the 2006 Stout investment. However, the continuing fraud doctrine is not applicable to securities fraud violations. As noted in Merck, the statute of repose, gives defendants "total" repose after five years. Merck, 559 U.S. 633, 130 S.Ct. 1784, 1797, 176 L.Ed.2d 582 (2010). For this reason, Plaintiffs' Motion with respect to their federal law claim is timely, but only with respect to the June 1, 2008 violation involving Walter's $10,000 investment. Having found a timely securities fraud claim, the Court now considers whether the proposed amended complaint meets the heightened pleading requirements.

## C.   Heightened Pleading Requirement

To state a fraud claim under section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, a plaintiff must allege: (1) the existence of a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale or security; (4) on which the plaintiff relied; and (5) which was causally connected to (6) the plaintiff's economic loss. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005). As with any fraud claim, a plaintiff must plead the circumstances of the conduct with particularity. See Fed.R.Civ.P. 9(b); Garfield v.

12

NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006).
Complaints alleging falsity "shall specify each statement
alleged to have been misleading [and] the reason or reasons why
the statement is misleading." 15 U.S.C. § 78u-4(b)(1). The
Eleventh Circuit has stated that the particularity requirements
of Rule 9(b), Federal Rules of Civil Procedure is met when a
complaint sets forth: "(1) precisely what statements were made
in what documents or oral representations or what omissions were
made, and (2) the time and place of each such statement and the
person responsible for making (or in the case of omissions, not
making) same, (3) the context of such statements and the manner
in which they misled the plaintiff, and (4) what the defendants
obtained as a consequence of the fraud." Id. (quoting Ziemba v.
Cascade, 256 F. Supp. 2d 1192 (11th Cir. 2001). Additionally, a
complaint must present facts from which "a reasonable person
would deem the inference of scienter cogent and at least as
compelling as any opposing inference one could draw from the
facts alleged." Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308, 324 (2007); see also 15 U.S.C. § 78u-4(b)(2);
Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc., 594
F.3d 783, 789 (11th Cir 2010).

Here, Plaintiffs' proposed amended complaint satisfies the
heightened pleading requirements for Rule 10b-5 because the
factual allegations, when accepted as true, plausibly state with

the requisite particularity the securities fraud claims. Specifically, Plaintiffs allege that Mr. Avellino "represented to Plaintiffs . . . that investors' monies would be, and were, invested in legitimate investments." [D.E 75-1, ¶ 93]. Also, Plaintiffs allege that Mr. Avellino deceived Plaintiffs by purporting to act as their investment adviser. However, "Mr. Avellino never advised Plaintiffs of his history of Securities Exchange Commission ("SEC") violations and fines." [D.E. 75-1, ¶8]. Moreover, Plaintiffs allege that Mr. Avellino failed to inform Plaintiffs that he was barred from securities or investment management business for life. Id. Plaintiffs sufficiently plead the aforementioned false and misleading statements or omission, attributable to Defendants, upon which Plaintiffs relied in purchasing their investments. See [D.E. 75-1].

Additionally, Plaintiffs adequately plead scienter by fleshing out a number of facts which could give rise to a "strong inference" Defendants acted with the "intent to deceive, manipulate, or defraud" or with "severe recklessness." See Mizarro v. Home Depot, Inc., 544 F.3d 1230, 1238 (2008). In particular, Plaintiffs outline a long business relationship between Bernie Madoff and Frank Avellino, which lasted for more than fifty years, and which continued even after Mr. Avellino was "enjoined from violating subsections 5(a) and (c) of the

14

Securities Act of 1933." 15 U.S.C. §§ 77e(a),(c); 80-a7; [D.E. 75, ¶¶ 48-57]. Plaintiffs allege that Mr. Avellino "began to steer investors to a brokerage company run by Bernard Madoff" from as far back as 1962, and that he knew he was participating in a Ponzi scheme because he "received account statements and trade confirmations, [for KJA, from BLMIS] that were demonstrably false." Plaintiffs also claim Mr. Avellino benefitted from side payments funneled to him from the scheme. [D.E. 75, ¶¶ 23, 69, 72]. From these facts, an inference could be drawn about Mr. Avellino's motive for offering to invest Plaintiffs' funds. Therefore, having found that Plaintiffs' proposed amended complaint meets the heightened pleading requirements, Plaintiffs are directed to refile their amended complaint with respect to the June 1, 2008 securities fraud violation claim only.

### D.   Supplemental Jurisdiction over Proposed State Law Claims

In their Motion, Plaintiffs contend that the proposed amendments to their Complaint include new factual allegations and claims arising out of, and relating back to, their original claim. [D.E. 75]. Specifically, Plaintiffs intend to join certain state law claims to their securities fraud claim. Id.

Federal courts' jurisdiction of state law claims is governed by 28 U.S.C. § 1367. Section 1367 states, in relevant part, "district courts shall have supplemental jurisdiction over

all other claims that are so related to claims in the action within such original jurisdiction, that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Once the state law claim relates to the federal claim, such that they arise from the same nucleus of operative facts, the Court is mandated to exercise supplemental jurisdiction. <u>Borges v. City of West Palm Beach</u>, 858 F. Supp. 174, 177 n.5 (S.D. Fla. 1993). However, the Court may decline exercising jurisdiction if the state law claims present novel or complex legal issues, outweigh the claims over which the district court has original jurisdiction, or when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Also, the district court may decline jurisdiction over state law claims where there are other compelling reasons. <u>Id.</u>

A prerequisite to exercising supplemental jurisdiction over Plaintiffs proposed state law claims is the determination that these claims meet the requirements for amended pleadings outlined by Rule 15(c)(1), Federal Rules of Civil Procedure. Rule 15(c)(1) states:

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1). "Amendments to complaints will relate back . . . if they only flesh out factual details, change legal theory, or add another claim arising out of [the] same transaction, occurrence, or conduct; amendments will not relate back if they are based on entirely different facts, transactions, and occurrences." Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001).

In Mayle v. Felix, 545 U.S. 644, 661-62 (2005), the Supreme Court indicated that the test for "conduct, transaction, or occurrence" should not be defined "at too high a level of

generality." See Fed.R.Civ.P. 15(c)(1)(B). Rather, an amended pleading should relate back if it states "claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 664. Additionally, the Eleventh Circuit, in Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000), ruled that an amended pleading would relate back if the claim arose from the same conduct as the original pleading "in both time and type." Id.

Furthermore, plaintiffs may amend their pleadings to "correct technical deficiencies or expand facts alleged in the original pleading." Pruitt, 274 F.3d at 1318. Nevertheless, Rule 15(c)(1) does not permit plaintiffs to raise issues in an amended complaint for which defendants would have no notice from the original pleading. Id.; see also Fed.R.Civ.P. 15 (c)(1); Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). Therefore, if plaintiffs allege a claim or cause of action for the first time in an amended complaint, the claim will not relate back, unless it was in the original complaint, or defendants had notice, from the original complaint, that such claim could be raised against them. See Gibson v. Resolution Trust Corp., 51 F.3d 1016, 1027 (11th Cir. 1995) (citing Moore 989 F.2d at 1131).

Plaintiffs, proceeding pro se, attempted to set out state law claims for breach of fiduciary duty and negligent

18

misrepresentation in their original pleading. [D.E. 1]. In Plaintiffs' pro se first amended complaint, they alleged no state law claims. [D.E. 26]. Plaintiffs now assert new claims for conversion, fraud, as well as aiding and abetting fraud, arising out of the same facts, transactions and occurrences alleged for their securities fraud claim. [D.E. 75-1]. Pursuant to Rule 15(c)(1), this is the classic example of proposed pleadings which relate back to the date of the original pleading. See Fed.R.Civ.P. 15(c)(1)(B). Accordingly, the Court may grant leave for Plaintiffs to add these state law claims as long as the applicable statute of limitations did not run at the time when the original pleading was filed. See id 15(c)(1)(A).

"Claims for breach of fiduciary duty are subject to a four-year statute of limitations which begins to run after [the acts constituting the] breach and resulting damages have occurred." Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc., 990 F. Supp. 2d 1254, 1271 (M.D. Fla. 2003); see also Goodwin v. Sphatt, 114 So. 3d 1092, 1094 (Fla. 3d DCA 2013)(stating a "claim for breach of fiduciary duty is subject to the four-year statute of limitations for intentional torts.)(citation omitted) Likewise, the statute of limitations for negligent misrepresentation and conversion is four years. See Laney, 243 F. Supp. 2d at 1357. In Florida, "a cause of action accrues when the last element constituting the cause of action occurs." Fla.

19

Stat. § 95.031(1). However, "[a]n exception is made for claims in fraud . . . in which the accrual of the cause[] of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred." Id. § 95.031(2)(a).

      1. **Breach of Fiduciary Duty**

To recover on a claim for breach of fiduciary duty, Plaintiffs must show: (1) the existence of a fiduciary relationship between Plaintiffs and Frank Avellino; (2) a violation of that fiduciary obligation by Frank Avellino; and (3) damages suffered by Plaintiffs were a proximate result of one or more of the violations of the fiduciary obligation. See Wachovia Ins. Servs., Inc. v. Toomey, 994 So. 2d 980 (Fla. 2008). Plaintiffs allege that as general partner of KJA, Mr. Avellino owed them fiduciary duties to prudently, honestly, and skillfully manage their investments. [D.E. 75, ¶¶ 101-02], Plaintiffs contend that Mr. Avellino breached these duties when he failed: 1) to manage and preserve the value of their investments; 2) to deal fairly and in good faith; and 3) to warn that the Plaintiffs' capital was being unacceptably subjected to a high risk of loss. Id. The facts alleged are the same as those Plaintiffs state in making out their securities fraud claim. Borges, 858 F. Supp. at 177 n.5; [D.E. 75].

The loss of Plaintiffs' investment, in December 2008, establishes the resulting damages from Defendants' alleged fiduciary breach "and the final element constituting the cause of action". Fla. Stat. § 95.031; see Laney, 243 F. Supp. 2d at 1357. For Plaintiffs' fiduciary breach claim to be timely, and thus meet the requirements of Rule 15(c), it must have been filed no later than December 9, 2012, when the four-year statute of limitations would have run. Plaintiffs filed their original claim in November 2012, approximately three weeks before the claim would become time barred. Consequently, the statute of limitations permits relation back, and the proposed state law claim meets the Rule 15(c)(1)requirements for amended pleadings. For this reason the Court exercises supplemental jurisdiction over this Plaintiffs' proposed claim for breach of fiduciary duty.

### 2. Conversion Claim

For the first time in this action, Plaintiffs assert their conversion claim. Plaintiffs allege, in the alternative to their securities fraud claim, that Mr. Avellino did not make any investments with the Plaintiffs' deposit with KJA, but instead converted the money. See D.E. 75, ¶ 77. Plaintiffs claim that Defendants unlawfully took Plaintiffs' deposits in KJA, controlled, and expended the money for Defendants' own purposes. Id. at ¶ 119.

"In order to establish a claim for conversion of money under Florida law, a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." United States v. Bailey, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003) aff'd, 419 F.3d 1208 (11th Cir. 2005). Plaintiffs allege that the final element of their claim occurred in December, 2008, when they demanded the return of their deposit, and Defendants refused. Accordingly, Plaintiffs claim for conversion accrued at that time. Similarly, the statute of limitations permits relation back and therefore meets the requirement for amended pleadings because Plaintiffs filed their original claim before the statute of limitations expired. Therefore, the Court hereby exercises supplemental jurisdiction over Plaintiff's claim for conversion.

### 3. Fraud, Aiding & Abetting Fraud, and Negligent Misrepresentation, Claims

Plaintiffs' claims for fraud, aiding and abetting fraud, and negligent misrepresentation ("state fraud claims") arise from the same conduct "in both time and type" as their securities fraud claim. See Davenport, 217 F. 3d at 1346. In establishing a Florida cause of action for common law fraud,

22

Plaintiffs must show that Mr. Avellino knowingly made a false statement of fact to induce them to act in reliance thereon. Plaintiffs must also show that they suffered injury from acting in reliance on the truth of his statement. Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 750 F. Supp. 2d 1346, 1356 (S.D. Fla. 2010). Similarly, in order to establish a claim against co-defendant Mrs. Avellino for aiding and abetting fraud, Plaintiffs must prove Mr. Avellino's underlying fraud, that Mrs. Avellino knew of the fraud, and that by helping him, she substantially advanced the commission of the fraud. See ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Maryland, 917 So. 2d 368, 372 (Fla. 5th DCA 2005). Also, "[i]n order to allege a viable cause of action for negligent misrepresentation . . . a plaintiff must allege that: (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Co., Inc., 607 F.3d 742, 747 (11th Cir. 2010).

As with their proposed breach of fiduciary duty and conversion claims, Plaintiffs allege that they suffered injury

when they learned that their investments were utterly lost.
[D.E. 75-1]. Therefore, the final element of each of their state
fraud claims accrued on December 9, 2008, and, if not filed by
December 9, 2012, would become time barred. Since Plaintiffs
filed their original complaint on November 16, 2012, the statute
of limitations for these claims permits relation back, and they
meet the amended pleading requirements under Rule 15(1)(c).

The Court's exercise of supplemental jurisdiction over
Plaintiffs' state law claims is however limited to those claims
arising from the 2008 violation only.   The Court declines
exercising jurisdiction over state law claims related to, or
arising from, the 2006 time-barred claims. 28 U.S.C. § 1367(c).
Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 532
(11th Cir. 2015). Accordingly, as permitted by Rule 15(c)(1),
the Court will exercise supplemental jurisdiction over
Plaintiffs' state claims as they relate to and arise from the
2008 violation.

### 4. Class Action & Derivative Action Claims

As previously mentioned, the Court may decline jurisdiction
over state law claims where there are other compelling reasons.
28 U.S.C. § 1367(c). Plaintiffs allege that they are suitable to
act as representatives of a class of similarly situated
individuals and entities "who invested monies with KJA and/or
were limited partners of Ken Jordan from 1998 through December

24

2008." [D.E. 75-1, ¶ 28]. However, investments made prior to November, 2008, fall outside the scope of this action, which is limited to the Court's jurisdiction over securities fraud violations which accrued on, or after, November 16, 2008. Accordingly, the Court will not exercise supplemental jurisdiction over the proposed class action and derivative action claims.

In sum, the Court exercises supplemental jurisdiction over Plaintiff's state law claims for breach of fiduciary duty, conversion, fraud, aiding and abetting fraud, and negligent misrepresentation claims as they relate to and arise from the 2008 violation only. However, the Court declines to exercise jurisdiction over Plaintiffs' proposed state law claims, as they relate to or arise from the 2006 violation, class action and derivative action claims.

**IV. CONCLUSION**

Based on the foregoing, Plaintiffs' Motion for Leave Amend [D.E. 75] is **GRANTED** with respect to the June 2008 securities fraud violation, as well as proposed state law claims for breach of fiduciary duty, conversion, fraud, aiding and abetting fraud, and negligent misrepresentation, as they relate to and arise from the 2008 violation. Plaintiffs' motion is **DENIED with prejudice** as to the December, 2006 securities fraud violation, the state law claims related to and arising from the 2006

violation, and the proposed class action, and derivative action claims.

Plaintiffs are directed to refile their Amended Complaint in accord with this Order within fourteen (14) days. Defendants are directed to file their Answer to the amended complaint within fourteen (14) days thereafter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2015.

_____
Donald L. Graham
UNITED STATES DISTRICT JUDGE


cc:  All Counsel of Record

     Quentin Walter and
     Weldon Stout, Pro Se
     13700 Ruffner Lane
     Sebastian, FL 32958